Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:    (212) 292-5391
*Attorneys for Plaintiff*
*RVRG Holdings LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RVRG HOLDINGS LLC,<br><br>*Plaintiff*<br><br>v.<br><br>007 FACTORY DIRECT STORE, 1 BY 1 BEST LUXURY STORE, 555555 STORE, 884886 CH STORE, AFTER 17 STORE, ANGEL SWORD STORE, ANTAO STORE, BLACK WHITE GRAY, BOBO HANDSOME , CHANGZHOU HENRY IMPORT AND EXPORT CO., LTD., CHENYOOU STORE, CHONGQING XINJINGQI IMPORT AND EXPORT TRADE CO., LTD., CHOSEN LUXURY STORE, CLOSE LOVER STORE, D+TRAVEL BY WALKING STORE, DESERT SPRING, DONGGUAN HONGGUAN GARMENT CO., LTD., DONGGUAN LONGNA GARMENT CO., LTD., DONGGUAN XUANZHIGE APPAREL CO., LTD., FAR FOREVER STORE, FASHALLIANCE STORE, FASHION QUALITY CLOTHING STORE, FOSHAN CHANCHENG YOUKU SHOE FIRM, FOSHAN PEANUT XISHI TRADING CO., LTD., FUZHOU CHANGTAI TEXTILE CO., LTD., FUZHOU HG CLOTHING.,LTD, FUZHOU UNTITLED TRADE CO., LTD., GET WELL STORE, | CIVIL ACTION NO.<br>23-cv-10745 (PKC)<br><br>**PRELIMINARY<br>INJUNCTION ORDER** |

GIFT IN COLLECTIONS LIMITED, GODS WILL STORE, GOLD-SMALL ORDERS ONLINE STORE, GOOGO STORE, GREAT HORN DEER STORE, GUANGXI EXCELLENT IMPORT AND EXPORT TRADING CO., LTD., GUANGZHOU BENLI CLOTHING CO., LTD., GUANGZHOU HONGCHENG CLOTHING CO., LTD., GUANGZHOU JENNY TEXTILE CO., LTD., GUANGZHOU MUQIU APPAREL CO., LTD., GUANGZHOU THREE GOOD FASHION IMPORT & EXPORT CO., LTD., HIMAN STORE , HIP FRIEND STORE, HI-SMILE STORE, HUZHOU JINDOU NETWORK TECHNOLOGY CO., LTD., JIANGXI HEYWE GARMENT CO., LTD., JIANGXI KOMAR CLOTHING CO., LTD., JIANGXI NUOYUANDA TECHNOLOGY CO., JIANGXI SMILE CLOTHING CO., LTD., JIANGXI XINDA GARMENT CO., LTD., KU LI STORE, LONG SHEGNG STORE, MANDARIN FISH STORE, MARN 123, MAY FACTORY STORE, MEETYOOU STORE, MINGMIN8341 STORE, MORNING TWILIGHT STORE, MR-WARDROBE STORE, MY WIFE STORE, NANCHANG HOLLYWIN CLOTHING CO., LTD, NANCHANG TENGCAI CLOTHING TRADE CO., LTD., NANCHANG TENGWEI GARMENT CO., LTD., NICEKY OFFICIAL STORE, OLD TAILOR STORE, OP ERIC EMANUEL 998 STORE, OPEN STORE, PANG-1983 STORE, PRC HIP HOP STORE, PRC STREETWEAR STORE, QIANSHAN COUNTY ZILAN TRADING CO., LTD., QUANZHOU BUKAI TRADE CO., LTD., QUANZHOU NIKE FANS TRADING CO., LTD., QUANZHOU RUIKE APPAREL CO., LTD., QUANZHOU SI GU BO FEI SHOES AND CLOTHING TRADE CO., LTD, QUANZHOU WEITAI CLOTHING CO., LTD., RHUDE FASHION STORE, RHUDE STORE, RHUDE STORE STORE, RHUDE TATA STORE, RSRF STORE, SHANGPIN CLOTHING STORE, SHARE 819 STORE, SHENZHEN ANKEXIN TRADING CO., LTD., SHENZHEN DOGER CLOTHING CO., LTD., SHENZHEN HUICHUANGLIN TECHNOLOGY CO., LTD., SHENZHEN SHIERXI GARMENT CO., LTD., SHENZHEN SINCEREAL CLOTHING CO., LTD., SHENZHEN TONCHUNG SPORT GARMENT CO., LTD., SHINE-SUN STORE,

SHISHI CITY BOXINYU CLOTHING FIRM, SHOP INVINCIBLE BEAUTY MAN STORE, SHOP STRUGGLER STORE, SHOP1102170418 STORE, SHOP1102277082 STORE, SHOP1102637520 STORE, SHOP1102648882 STORE, SHOP1102721335 STORE, SHOP1102725476 STORE, SHOP1102809838 STORE, SHOP1102887931 STORE, SHOPPING HARAJUKU STORE, SIMPLE-FUN STORE, SOCOOOL STORE, STREETWEAR-SUP STORE, SUMMER TIME STORE, TO THE MOON STORE, TOTO321 STORE, TRUSTWORTHY2023 STORE, UNQXO STORE, VOGUES STORE, WIND OF FREEDOM STORE, XIAMEN AHONG YOUXUAN TRADING CO., LTD., XIAMEN GYMWISH TECHNOLOGY CO., LTD., XIAMEN HUIDOUFENG NETWORK TECHNOLOGY CO., LTD., XIAMEN LINGYAO TECHNOLOGY CO., LTD., XIAMEN LINJIASHENG INTERNATIONAL TRADE CO., LTD., XIAMEN YUSHIHENG GARMENTS & ACCESSORIES CO., LTD., XIAMEN ZONGYO INDUSTRY CO., LTD., X-PART STORE, XURONG STORE, YINGEER STORE, YIWU LVYUAN SPORTSWEAR FIRM, YOU WARDROBE STORE, YUJIANG LEYOU CLOTHING STORE, ZHANGZHOU YOULAIKE NETWORK TECHNOLOGY CO., LTD., ZHEJIANG YEAHSUN IMPORT&EXPORT CO., LTD., ZHONGSHAN KAWASAKI-BULLS TRADE CO., LTD and ZHUO YUE FASHION STORE,

*Defendants*

# GLOSSARY

| Term | Definition |
|---|---|
| **Plaintiff or RVRG** | RVRG Holdings LLC |
| **Defendants** | 007 Factory Direct Store, 1 By 1 Best Luxury Store, 555555 Store, 884886 CH Store, After 17 Store, Angel Sword Store, Antao Store, Black White Gray, BOBO Handsome , Changzhou Henry Import And Export Co., Ltd., CHENYOOU Store, Chongqing Xinjingqi Import And Export Trade Co., Ltd., CHOSEN Luxury Store, Close lover Store, D+travel by Walking Store, Desert Spring, Dongguan Hongguan Garment Co., Ltd., Dongguan Longna Garment Co., Ltd., Dongguan Xuanzhige Apparel Co., Ltd., FAR FOREVER Store, FASHALLIANCE Store, Fashion Quality Clothing Store, Foshan Chancheng Youku Shoe Firm, Foshan Peanut Xishi Trading Co., Ltd., Fuzhou Changtai Textile Co., Ltd., Fuzhou HG Clothing.,Ltd, Fuzhou Untitled Trade Co., Ltd., GET WELL Store, Gift In Collections Limited, Gods Will Store, Gold-small orders online Store, Googo Store, Great Horn Deer Store, Guangxi Excellent Import And Export Trading Co., Ltd., Guangzhou Benli Clothing Co., Ltd., Guangzhou Hongcheng Clothing Co., Ltd., Guangzhou Jenny Textile Co., Ltd., Guangzhou Muqiu Apparel Co., Ltd., Guangzhou Three Good Fashion Import & Export Co., Ltd., Himan Store , Hip Friend Store, Hi-smile Store, Huzhou Jindou Network Technology Co., Ltd., Jiangxi Heywe Garment Co., Ltd., Jiangxi Komar Clothing Co., Ltd., Jiangxi Nuoyuanda Technology Co., Jiangxi Smile Clothing Co., Ltd., Jiangxi Xinda Garment Co., Ltd., ku li Store, LONG SHEGNG Store, Mandarin Fish Store, MARN 123, May Factory Store, MEETYOOU Store, Mingmin8341 Store, Morning Twilight Store, mr-wardrobe Store, My Wife Store, Nanchang Hollywin Clothing Co., Ltd, Nanchang Tengcai Clothing Trade Co., Ltd., Nanchang Tengwei Garment Co., Ltd., Niceky Official Store, Old Tailor Store, OP Eric Emanuel 998 Store, Open Store, Pang-1983 Store, PRC Hip Hop Store, PRC Streetwear Store, Quanzhou Bukai Trade Co., Ltd., Quanzhou Nike Fans Trading Co., Ltd., Quanzhou Ruike Apparel Co., Ltd., Quanzhou Si Gu Bo Fei Shoes And Clothing Trade Co., Ltd, Quanzhou Weitai Clothing Co., Ltd., Rhude Fashion Store, Rhude Store, RHUDE Store Store, RHUDE TATA Store, RSRF Store, Shangpin Clothing Store, Share 819 Store, Shenzhen Ankexin Trading Co., Ltd., Shenzhen Doger Clothing Co., Ltd., Shenzhen Huichuanglin Technology Co., Ltd., Shenzhen Shierxi Garment Co., Ltd., Shenzhen Sincereal Clothing Co., Ltd., Shenzhen Tonchung Sport Garment Co., Ltd., Shine-sun Store, Shishi City Boxinyu Clothing Firm, Shop Invincible Beauty Man Store, Shop Struggler Store, Shop1102170418 Store, Shop1102277082 Store, Shop1102637520 Store, |

|  | Shop1102648882 Store, Shop1102721335 Store, Shop1102725476 Store, Shop1102809838 Store, Shop1102887931 Store, shopping Harajuku Store, Simple-fun Store, SOCOOOL Store, Streetwear-Sup Store, Summer Time Store, To The Moon Store, Toto321 Store, Trustworthy2023 Store, Unqxo Store, VOGUES Store, Wind of Freedom Store, Xiamen Ahong Youxuan Trading Co., Ltd., Xiamen Gymwish Technology Co., Ltd., Xiamen Huidoufeng Network Technology Co., Ltd., Xiamen Lingyao Technology Co., Ltd., Xiamen Linjiasheng International Trade Co., Ltd., Xiamen Yushiheng Garments & Accessories Co., Ltd., Xiamen Zongyo Industry Co., Ltd., X-PART Store, XURONG Store, YINGEER Store, Yiwu Lvyuan Sportswear Firm, You Wardrobe Store, Yujiang Leyou Clothing Store, Zhangzhou Youlaike Network Technology Co., Ltd., Zhejiang Yeahsun Import&Export Co., Ltd., Zhongshan Kawasaki-Bulls Trade Co., Ltd and Zhuo Yue Fashion Store |
|---|---|
| **Alibaba** | Alibaba.com Singapore E-Commerce Pte. Ltd. and/or any other entity that owns and/or operates the Alibaba.com online marketplace platform, which allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **AliExpress** | AliExpress E-Commerce One Pte., Ltd. and/or any other entity that owns and/or operates the AliExpress.com online marketplace platform, which allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |
| **Complaint** | Plaintiff's Complaint |
| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery |
| **Dirocie Dec.** | Declaration of Yira Dirocie in Support of Plaintiff's Application |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application |
| **Rhude Products** | Men's and women's apparel, accessories, and footwear by the globally successful ready-to-wear brand and design venture evoking |

| | |
|---|---|
| | streetwear and luxury fashion, Rhude |
| **Rhude Marks** | U.S. Trademark Registration Nos.: 5,827,712 for "RHUDE" for a variety of goods in Class 18; 5,827,706 for "RHUDE" for goods in Class 25; and 5,385,699 for "RHUDE" for a variety of goods in Class 25 |
| **Counterfeit Products** | Products bearing or used in connection with the Rhude Marks, and/or products in packaging and/or containing labels bearing the Rhude Marks, and/or bearing or used in connection with marks that are confusingly similar to the Rhude Marks and/or products that are identical or confusingly similar to the Rhude Products |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba and/or AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group) and PingPong Global Solutions, Inc. ("PingPong") |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, Alibaba and/or AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

WHERAS, Plaintiff having moved *ex parte* on December 11, 2023 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery;

WHEREAS, on December 13, 2023, the Court entered an Order granting Plaintiff's Application ("TRO") which ordered Defendants to appear on January 23, 2024 at 11:00 a.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS, on December 19, 2023, Plaintiff wrote a letter to the Court requesting an extension of the TRO through the date of the Show Cause Hearing.

WHEREAS, on the same day, December 19, 2023, the Court granted Plaintiff's request and entered an Order extending the TRO through the date of the Show Cause Hearing ("December 19, 2023 Order").

WHEREAS, on January 16, 2024, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO, all papers filed in support of the Application and the December 19, 2023 Order on each and every Defendant, except for Defendants Qianshan County Zilan Trading Co., Ltd., Quanzhou Bukai Trade Co., Ltd., Xiamen Gymwish Technology Co., Ltd. and Xiamen Lingyao Technology Co., Ltd.;

WHEREAS, on January 23, 2024 at 11:00 a.m., Plaintiff appeared at the Show Cause Hearing, however, no Defendants appeared.

WHEREAS, on February 5, 2024, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO, all papers filed in support of the

1

Application and the December 19, 2023 Order on Defendants Quanzhou Bukai Trade Co., Ltd., Xiamen Gymwish Technology Co., Ltd. and Xiamen Lingyao Technology Co., Ltd.

## ORDER

1. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this litigation, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

    a) Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

        i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Rhude Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Rhude Marks;

        ii. operation of Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts in violation of this Order;

        iii. directly or indirectly infringing in any manner Plaintiff's Rhude Marks;

        iv. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Rhude Marks to identify any goods or services not authorized by Plaintiff;

        v. using Plaintiff's Rhude Marks or any other marks that are confusingly similar to the Rhude Marks on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing,

displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

vi. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

vii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

viii. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the

3

prohibitions set forth in this Order; and

    ix. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(viii) above and 1(b)(i) and 1(c)(i) below.

b) Accordingly, Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order, are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court.

c) Accordingly, Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers who satisfy those requirements, are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    i. operation of Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts in violation of this Order; and

    ii. instructing, aiding or abetting Defendants and/or any person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through

        1(a)(viii), 1(b)(i) through 1(c)(i) above, including, without limitation, by providing services necessary for Defendants to continue operating Defendants' User Accounts and Merchant Storefronts in violation of this Order.

2. As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including that:

   a) within five (5) days of receipt of notice of this Order, any newly discovered Financial Institutions who are served with this Order shall locate and attach Defendants' Financial Accounts, shall provide written confirmation of such attachment to Plaintiff's counsel and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts, contact information for Defendants (including mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts.

3. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

   a) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

   b) Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order, their respective officers, employees, agents, servants and attorneys and all

persons in active concert or participation with any of them who receive actual notice of this Order shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

c) Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiff's counsel with all documents and records in their possession, custody or control (whether located in the U.S. or abroad), relating to any and all of Defendants' Financial Accounts, User Accounts and Merchant Storefronts, including, but not limited to, documents and records relating to:

   i. account numbers;

   ii. current account balances;

   iii. any and all identifying information for Defendants and Defendants' User Accounts, including names, addresses and contact information;

   iv. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

   v. any and all deposits and withdrawal during the previous year from each and every of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements;

   vi. any and all wire transfers into each and every of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the

      identity of the beneficiary's bank and the beneficiary's account number;

  vii. any and all User Accounts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts that Defendants have ever had and/or currently maintain;

  viii. the identities, location and contact information, including any and all e-mail addresses, of Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them;

  ix. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts, a full accounting of Defendants' sales history and listing history under such accounts, and Defendants' Financial Accounts associated with Defendants' User Accounts; and

  x. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the Rhude Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Rhude Marks.

d) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in its possession, custody or control relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

    i.    any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers;

    ii.    the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided pursuant to Paragraph V(C) of the TRO;

    iii.    the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

    iv.    Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the Rhude Marks and/or marks that are confusingly similar to, identical to and constitute an infringement of the Rhude Marks.

4. As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service may be made on, and shall be deemed effective as to Defendants if it is completed by the following means:

    a) delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download a PDF copy of this Order to Defendants' e-mail addresses as identified by Alibaba and/or AliExpress pursuant to **Paragraph V(C)** of the TRO; or

    b) delivery of a message to Defendants through the same means that Plaintiff's agents have previously communicated with Defendants, namely the system for communications established by the Third Party Service Providers on their respective platforms, notifying Defendants that an action has been filed against them in this Court and providing a link to a secure website (such as NutStore or a large mail link created through Rmail.com) where each Defendant will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiff's Application seeking this Order.

5. As sufficient cause has been shown, that such alternative service by electronic means ordered in the TRO and herein shall be deemed effective as to Defendants, Third Party Service Providers and Financial Institutions through the pendency of this action.

6. As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is completed by the following means:

    a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

9

    b) delivery of: (i) a PDF copy of this Order, or (iii) a link to a secure website where AliPay.com Co., Ltd., Ant Financial Services will be able to download a PDF copy of this Order via electronic mail to wb-wny616059@antgroup.com and wb-yj965636@antgroup.com;

    c) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Alibaba and AliExpress will be able to download a PDF copy of this Order via electronic mail to IPR_USTRO@service.alibaba.com and IPR-USTRO@aliexpress.com;

    d) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to thirdpartyrequests@payoneer.com; and

    e) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to legal-int@pingpongx.com.

7. Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order. Any act in violation of this Order by Defendants or any one of them, or by any persons in active concert or participation with Defendants who have actual notice of this Order, may be considered and prosecuted as in contempt of this Court.

8. The $5,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

9. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

10. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

**SO ORDERED.**

SIGNED this 23rd day of May, 2024, at 4:53 p.m.
New York, New York

_____
P. Kevin Castel
United States District Judge