Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*RVRG Holdings LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RVRG HOLDINGS LLC,<br><br>*Plaintiff*<br><br>v.<br><br>007 FACTORY DIRECT STORE, 1 BY 1 BEST LUXURY STORE, 555555 STORE, 884886 CH STORE, AFTER 17 STORE, ANGEL SWORD STORE, ANTAO STORE, BLACK WHITE GRAY, BOBO HANDSOME , CHANGZHOU HENRY IMPORT AND EXPORT CO., LTD., CHENYOOU STORE, CHONGQING XINJINGQI IMPORT AND EXPORT TRADE CO., LTD., CHOSEN LUXURY STORE, CLOSE LOVER STORE, D+TRAVEL BY WALKING STORE, DESERT SPRING, DONGGUAN HONGGUAN GARMENT CO., LTD., DONGGUAN LONGNA GARMENT CO., LTD., DONGGUAN XUANZHIGE APPAREL CO., LTD., FAR FOREVER STORE, FASHALLIANCE STORE, FASHION QUALITY CLOTHING STORE, FOSHAN CHANCHENG YOUKU SHOE FIRM, FOSHAN PEANUT XISHI TRADING CO., LTD., FUZHOU CHANGTAI TEXTILE CO., LTD., FUZHOU HG CLOTHING.,LTD, FUZHOU UNTITLED TRADE CO., LTD., GET WELL STORE, GIFT IN COLLECTIONS LIMITED, GODS WILL | CIVIL ACTION No.<br>23-cv-10745 (PKC)<br><br>**AFFIDAVIT OF GABRIELA N. NASTASI IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND A PERMANENT INJUNCTION AGAINST DEFAULTING DEFENDANTS** |

STORE, GOLD-SMALL ORDERS ONLINE STORE, GOOGO STORE, GREAT HORN DEER STORE, GUANGXI EXCELLENT IMPORT AND EXPORT TRADING CO., LTD., GUANGZHOU BENLI CLOTHING CO., LTD., GUANGZHOU HONGCHENG CLOTHING CO., LTD., GUANGZHOU JENNY TEXTILE CO., LTD., GUANGZHOU MUQIU APPAREL CO., LTD., GUANGZHOU THREE GOOD FASHION IMPORT & EXPORT CO., LTD., HIMAN STORE , HIP FRIEND STORE, HI-SMILE STORE, HUZHOU JINDOU NETWORK TECHNOLOGY CO., LTD., JIANGXI HEYWE GARMENT CO., LTD., JIANGXI KOMAR CLOTHING CO., LTD., JIANGXI NUOYUANDA TECHNOLOGY CO., JIANGXI SMILE CLOTHING CO., LTD., JIANGXI XINDA GARMENT CO., LTD., KU LI STORE, LONG SHEGNG STORE, MANDARIN FISH STORE, MARN 123, MAY FACTORY STORE, MEETYOOU STORE, MINGMIN8341 STORE, MORNING TWILIGHT STORE, MR-WARDROBE STORE, MY WIFE STORE, NANCHANG HOLLYWIN CLOTHING CO., LTD, NANCHANG TENGCAI CLOTHING TRADE CO., LTD., NANCHANG TENGWEI GARMENT CO., LTD., NICEKY OFFICIAL STORE, OLD TAILOR STORE, OP ERIC EMANUEL 998 STORE, OPEN STORE, PANG-1983 STORE, PRC HIP HOP STORE, PRC STREETWEAR STORE, QIANSHAN COUNTY ZILAN TRADING CO., LTD., QUANZHOU BUKAI TRADE CO., LTD., QUANZHOU NIKE FANS TRADING CO., LTD., QUANZHOU RUIKE APPAREL CO., LTD., QUANZHOU SI GU BO FEI SHOES AND CLOTHING TRADE CO., LTD, QUANZHOU WEITAI CLOTHING CO., LTD., RHUDE FASHION STORE, RHUDE STORE, RHUDE STORE STORE, RHUDE TATA STORE, RSRF STORE, SHANGPIN CLOTHING STORE, SHARE 819 STORE, SHENZHEN ANKEXIN TRADING CO., LTD., SHENZHEN DOGER CLOTHING CO., LTD., SHENZHEN HUICHUANGLIN TECHNOLOGY CO., LTD., SHENZHEN SHIERXI GARMENT CO., LTD., SHENZHEN SINCEREAL CLOTHING CO., LTD., SHENZHEN TONCHUNG SPORT GARMENT CO., LTD., SHINE-SUN STORE, SHISHI CITY BOXINYU CLOTHING FIRM, SHOP

INVINCIBLE BEAUTY MAN STORE, SHOP STRUGGLER STORE, SHOP1102170418 STORE, SHOP1102277082 STORE, SHOP1102637520 STORE, SHOP1102648882 STORE, SHOP1102721335 STORE, SHOP1102725476 STORE, SHOP1102809838 STORE, SHOP1102887931 STORE, SHOPPING HARAJUKU STORE, SIMPLE-FUN STORE, SOCOOOL STORE, STREETWEAR-SUP STORE, SUMMER TIME STORE, TO THE MOON STORE, TOTO321 STORE, TRUSTWORTHY2023 STORE, UNQXO STORE, VOGUES STORE, WIND OF FREEDOM STORE, XIAMEN AHONG YOUXUAN TRADING CO., LTD., XIAMEN GYMWISH TECHNOLOGY CO., LTD., XIAMEN HUIDOUFENG NETWORK TECHNOLOGY CO., LTD., XIAMEN LINGYAO TECHNOLOGY CO., LTD., XIAMEN LINJIASHENG INTERNATIONAL TRADE CO., LTD., XIAMEN YUSHIHENG GARMENTS & ACCESSORIES CO., LTD., XIAMEN ZONGYO INDUSTRY CO., LTD., X-PART STORE, XURONG STORE, YINGEER STORE, YIWU LVYUAN SPORTSWEAR FIRM, YOU WARDROBE STORE, YUJIANG LEYOU CLOTHING STORE, ZHANGZHOU YOULAIKE NETWORK TECHNOLOGY CO., LTD., ZHEJIANG YEAHSUN IMPORT&EXPORT CO., LTD., ZHONGSHAN KAWASAKI-BULLS TRADE CO., LTD and ZHUO YUE FASHION STORE,

*Defendants*

# AFFIDAVIT OF GABRIELA N. NASTASI[1]

I, Gabriela N. Nastasi, hereby affirm as follows:

1. I am an associate attorney at Epstein Drangel, located at 60 East 42nd Street, Suite 1250, New York, New York 10165.

2. I am over eighteen (18) years of age. I have never been convicted of a felony or any criminal offense involving moral turpitude, and I am fully competent to testify to the matters stated herein.

3. I have personal knowledge of every statement made in this Affidavit and such statements are true and correct.

4. I represent RVRG Holdings LLC in the above-referenced action against the above-captioned Defendants. As such, I am familiar with the facts and circumstances in this matter.

5. I make and submit this Affidavit in connection with Plaintiff's Motion for Default Judgment against Defaulting Defendants.

6. Upon information and belief, Defaulting Defendants are not infants, in the military or incompetent persons.

7. For the following reasons, I respectfully request that there is no just reason for delay in entering final judgment on Plaintiff's request for default judgment and entry of a permanent injunction.

8. Plaintiff respectfully submits that the entry of default judgment against Defaulting Defendants is appropriate and seek the following relief against Defaulting Defendants: 1) the entry of final judgment and permanent injunction by default in order to prevent Defaulting Defendants from infringing Plaintiff's intellectual property rights in the future; 2) individual statutory damages

---

[1] Where a defined term is referenced herein but not defined, it should be understood as it is defined in the Glossary in Plaintiff's Memorandum of Law.

awards against each Defaulting Defendant pursuant to 15 U.S.C. § 1117(c), plus post-judgment interest calculated pursuant to the statutory rate, in the amount of Fifty Thousand U.S. Dollars ($75,000.00) against each of the following one hundred and twenty-four (124) Defendants: 007 Factory Direct Store, 1 By 1 Best Luxury Store, 555555 Store, 884886 CH Store, After 17 Store, Angel Sword Store, Antao Store, Black White Gray, BOBO Handsome , Changzhou Henry Import And Export Co., Ltd., CHENYOOU Store, Chongqing Xinjingqi Import And Export Trade Co., Ltd., CHOSEN Luxury Store, Close lover Store, D+travel by Walking Store, Desert Spring, Dongguan Hongguan Garment Co., Ltd., Dongguan Longna Garment Co., Ltd., Dongguan Xuanzhige Apparel Co., Ltd., FAR FOREVER Store, FASHALLIANCE Store, Fashion Quality Clothing Store, Foshan Chancheng Youku Shoe Firm, Foshan Peanut Xishi Trading Co., Ltd., Fuzhou Changtai Textile Co., Ltd., Fuzhou HG Clothing.,Ltd, Fuzhou Untitled Trade Co., Ltd., GET WELL Store, Gift In Collections Limited, Gods Will Store, Gold-small orders online Store, Googo Store, Great Horn Deer Store, Guangxi Excellent Import And Export Trading Co., Ltd., Guangzhou Benli Clothing Co., Ltd., Guangzhou Hongcheng Clothing Co., Ltd., Guangzhou Jenny Textile Co., Ltd., Guangzhou Muqiu Apparel Co., Ltd., Guangzhou Three Good Fashion Import & Export Co., Ltd., Himan Store , Hip Friend Store, Hi-smile Store, Huzhou Jindou Network Technology Co., Ltd., Jiangxi Heywe Garment Co., Ltd., Jiangxi Komar Clothing Co., Ltd., Jiangxi Nuoyuanda Technology Co., Jiangxi Smile Clothing Co., Ltd., Jiangxi Xinda Garment Co., Ltd., ku li Store, LONG SHEGNG Store, Mandarin Fish Store, MARN 123, May Factory Store, MEETYOOU Store, Mingmin8341 Store, Morning Twilight Store, mr-wardrobe Store, My Wife Store, Nanchang Hollywin Clothing Co., Ltd, Nanchang Tengcai Clothing Trade Co., Ltd., Nanchang Tengwei Garment Co., Ltd., Niceky Official Store, Old Tailor Store, OP Eric Emanuel 998 Store, Open Store, Pang-1983 Store, PRC Hip Hop Store, PRC Streetwear Store,

Quanzhou Bukai Trade Co., Ltd., Quanzhou Nike Fans Trading Co., Ltd., Quanzhou Ruike Apparel Co., Ltd., Quanzhou Si Gu Bo Fei Shoes And Clothing Trade Co., Ltd, Quanzhou Weitai Clothing Co., Ltd., Rhude Fashion Store, Rhude Store, RHUDE Store Store, RHUDE TATA Store, Shangpin Clothing Store, Share 819 Store, Shenzhen Ankexin Trading Co., Ltd., Shenzhen Doger Clothing Co., Ltd., Shenzhen Huichuanglin Technology Co., Ltd., Shenzhen Shierxi Garment Co., Ltd., Shenzhen Sincereal Clothing Co., Ltd., Shenzhen Tonchung Sport Garment Co., Ltd., Shine-sun Store, Shishi City Boxinyu Clothing Firm, Shop Invincible Beauty Man Store, Shop Struggler Store, Shop1102277082 Store, Shop1102637520 Store, Shop1102648882 Store, Shop1102721335 Store, Shop1102725476 Store, Shop1102809838 Store, Shop1102887931 Store, shopping Harajuku Store, Simple-fun Store, SOCOOOL Store, Streetwear-Sup Store, Summer Time Store, To The Moon Store, Toto321 Store, Trustworthy2023 Store, Unqxo Store, VOGUES Store, Wind of Freedom Store, Xiamen Ahong Youxuan Trading Co., Ltd., Xiamen Gymwish Technology Co., Ltd., Xiamen Huidoufeng Network Technology Co., Ltd., Xiamen Lingyao Technology Co., Ltd., Xiamen Linjiasheng International Trade Co., Ltd., Xiamen Yushiheng Garments & Accessories Co., Ltd., Xiamen Zongyo Industry Co., Ltd., X-PART Store, XURONG Store, YINGEER Store, Yiwu Lvyuan Sportswear Firm, You Wardrobe Store, Yujiang Leyou Clothing Store, Zhangzhou Youlaike Network Technology Co., Ltd., Zhejiang Yeahsun Import&Export Co., Ltd., Zhongshan Kawasaki-Bulls Trade Co., Ltd and Zhuo Yue Fashion Store ("Defaulting Defendants"); and 3) service of an asset restraining notice pursuant to CPLR § 5222.[2]

---

[2] Through this Motion for Default Judgment, in addition to permanent injunctive relief, Plaintiff only seeks damages for its First and Second Causes of Action (Trademark Counterfeiting and Infringement). Plaintiff does not seek monetary relief in connection with the remaining causes of action pled in the Complaint or attorneys' fees.

# I. PROCEDURAL HISTORY

9. On December 11, 2023, Plaintiff filed this action against Defendants, including Defaulting Defendants, for trademark infringement and counterfeiting of Plaintiff's federally registered trademarks, false designation of origin, passing off and unfair competition, and related state and common law claims. (Dkt. 7). Plaintiff moved *ex parte* against Defendants for an order to seal file, a temporary restraining order, an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions, an order to show cause why a preliminary injunction should not issue, an order authorizing bifurcated and alternative service and an order authorizing expedited discovery. (Dkts. 12-14).

10. True and correct copies of the Summons and Complaint are attached hereto as **Exhibit A**.

11. On December 13, 2023, the Court granted Plaintiff's Application and entered the TRO. A true and correct copy of the TRO is attached hereto as **Exhibit B**.

12. The TRO required Defendants to appear on January 23, 2024 at 11:00 a.m. at the PI Show Cause Hearing. (Ex. B).

13. The TRO also specifically provided for the following alternative methods of service of the Summons, Complaint, TRO and all documents filed in support of Plaintiff's Application on Defendants by delivery of: (i) PDF copies of the TRO together with the Summons and Complaint, and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download PDF copies of the TRO together with the Summons and Complaint, and all papers filed in support of Plaintiff's Application seeking the TRO to Defendants' e-mail addresses after having been identified by Alibaba and AliExpress pursuant to Paragraph V(C) of the TRO; or delivery of a message to

4

Defendants through the same means that Plaintiff's agents have previously communicated with Defendants, namely the system for communications established by the Third Party Service Providers on their respective platforms, notifying Defendants that an action has been filed against them in this Court and providing a link to a secure website (such as NutStore or a large mail link created through Rmail.com) where each Defendant will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiff's Application seeking this Order.

14. On January 16, 2024, pursuant to the methods of alternative service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO, all documents filed in support of Plaintiff's Application and the March 20, 2023 Order on each and every Defaulting Defendant, except for Defendants Quanzhou Bukai Trade Co., Ltd., Xiamen Gymwish Technology Co., Ltd. and Xiamen Lingyao Technology Co., Ltd, who were served on February 5, 2024. (Dkts. 15, 20). A true and correct copy of the Certificates of Service regarding service of the Summons, Complaint and TRO on Defendants is attached hereto as **Exhibit C**.

15. As such, Defendants had until February 6, 2024 or February 26, 2024 to answer the Complaint or move otherwise.

16. Whereas on January 23, 2024, Plaintiff appeared for the PI Show Cause Hearing, however none of the Defendants appeared.

17. On January 23, 2024, the Court entered the PI Order against all Defendants, except for Defendants Quanzhou Bukai Trade Co., Ltd., Xiamen Gymwish Technology Co., Ltd. and Xiamen Lingyao Technology Co., Ltd, mirroring the terms of the TRO and extending through the pendency of the action. (Dkt. 4).

18. Thereafter, on January 23, 2024, pursuant to the alternative methods of service authorized in both the TRO and PI Order, Plaintiff served the PI Order on each and every Defaulting Defendant, except for Defendants Quanzhou Bukai Trade Co., Ltd., Xiamen Gymwish Technology Co., Ltd. and Xiamen Lingyao Technology Co., Ltd. (Dkt. 16).

19. On May 23, 2024, the Court entered a revised PI Order against all Defendants ("Revised PI Order"), mirroring the terms of the TRO and extending through the pendency of the action. (Dkt. 31).

20. On May 23, 2024, pursuant to the alternative methods of service authorized in both the TRO, PI Order and Revised PI Order, Plaintiff served the Revised PI Order on each and every Defaulting Defendant except Defendant Qianshan County Zilan Trading Co., Ltd. (Dkt. 32).

21. On May 23, 2024, Plaintiff requested an entry of default against Defaulting Defendants from the Clerk of the Court. (Dkts. 27-28).

22. On the same day, May 23, 2024, the Clerk of the Court entered a Certificate of Default against Defaulting Defendants. (Dkt. 29). A true and correct copy of the Certificate of Default from the Clerk of the Court is attached hereto as **Exhibit D**.

23. To date, Defaulting Defendants have neither filed an answer with the Court, responded to the Complaint or otherwise formally appeared in this action. (Ex. D).

## II. DEFAULTING DEFENDANTS' DEFAULTS AND PLAINTIFF'S LACK OF DISCOVERY

24. Although Plaintiff properly effected service of the Summons, Complaint, TRO and all documents filed in support of the Application on all Defaulting Defendants in accordance with the alternative methods of service authorized by the TRO, Defaulting Defendants' failure to answer the Complaint or otherwise appear has deprived Plaintiff of the ability to confirm whether or not Defaulting Defendants ceased manufacturing, importing, exporting, advertising, marketing,

promoting, distributing, displaying, offering for sale and/or selling Counterfeit Products. (Exs. C, D).

25. Due to Defaulting Defendants' defaults, Plaintiff was unable to engage in any discovery with Defaulting Defendants regarding the scope of their sales, profits and costs, among other discoverable issues.

26. Plaintiff cannot determine Defaulting Defendants' profits, quantify any expenses that Defaulting Defendants may have saved by counterfeiting Plaintiff's Rhude Marks or assess any revenues lost by Plaintiff as a result of Defaulting Defendants' infringing and counterfeiting activities.

27. Plaintiff is deprived of the ability to prove a specific amount of actual damages and instead elects to seek statutory damages under the Lanham Act.

28. The statutory damages requested by Plaintiff under the Lanham Act are based upon the Defaulting Defendants' wrongful use(s) of the Rhude Marks. Attached hereto as **Exhibit E** is a true and correct chart detailing 1) Defaulting Defendants' wrongful use(s) of the Rhude Marks in the undisputed evidence, and 2) the statutory damages requested by Plaintiff.

29. Each and every Defaulting Defendant used one (1) or more of the Rhude Marks (1 "mark") on or in connection with the sale of counterfeit luxury fashion goods (1 "good") and Plaintiff respectfully requests an award of $75,000.00 per counterfeit mark (1), per type of good sold (1), offered for sale, or distributed. Thus, Plaintiff seeks statutory damages in the amount of $75,000.00 against each Defaulting Defendant.

30. In Plaintiff's counsel's experience, it is usual and customary for counterfeiters, such as Defaulting Defendants, to sell across multiple e-commerce platforms.

31. Therefore, Defaulting Defendants probably utilize other e-commerce platforms, such

as Wish.com or eBay.com, as a matter of illustration, to circumvent the TRO and PI Order in order to continue to engage in counterfeiting activities, specifically the sale and/or offering for sale of Counterfeit Products.

### III. PLAINTIFF IS ENTITLED TO A FINAL JUDGMENT BY DEFAULT AGAINST DEFAULTING DEFENDANTS

32. Federal Rule of Civil Procedure 55(b) provides for a court-ordered default judgment following the entry of default by the court clerk under Rule 55(a).

33. As aforementioned, Plaintiff has complied with Federal Rule of Civil Procedure 55(a). (Dkts. 27-29).

34. Therefore, Plaintiff respectfully requests that the Court enter default judgment against each and every Defaulting Defendant that remains in this action.

### IV. AN INQUEST INTO AN AWARD OF DAMAGES IS UNNECESSARY

35. Plaintiff respectfully submits that its request for an award of statutory damages does not require the Court to conduct an evidentiary hearing.

36. Courts have awarded damages post-default without an evidentiary hearing based upon affidavits submitted by the plaintiff. *See*, *e.g.*, *Ideavillage Products Corp. v. 666668, et al.*, No. 18-cv-6850-CM, Dkt. #65 (S.D.N.Y. Jan. 9, 2020); *Ideavillage Products Corp. v. 1yuyan1, et al.*, No. 18-cv-10000-NRB, Dkt. #72 (S.D.N.Y. Dec. 9, 2019); *WOW Virtual Reality, Inc. v. mineral_sg, et al.,* No. 19-cv-5478-CM, Dkt. #61 (S.D.N.Y. Oct. 30, 2019); *WOW Virtual Reality, Inc. v. 1737515714, et al.*, No. 19-cv-5476-CM, Dkt. #53 (S.D.N.Y. Oct. 30, 2019); *Golden Goose Deluxe Brand d/b/a Golden Goose SpA v. Aierbushe, et al.*, No. 19-cv-2518-VEC, Dkts. 38-114 (S.D.N.Y. Oct. 17, 2019); *Spin Master Ltd. and Spin Master, Inc. v. 21CCN, et al.*, No. 18-cv-11086-RA, Dkt. #67 (S.D.N.Y. Sept. 6, 2019); *Intenze Products, Inc. v. 1586, et al.*, Case No. 18-cv-4611-NRB, Dkt. #102 (S.D.N.Y. Aug. 22, 2019); *Moose Toys Pty LTD, et al., v. 5.29864, et*

*al.*, No. 18-cv-8479-GBD, Dkt. #75 (S.D.N.Y. Aug. 15, 2019); *Allstar Marketing Group, LLC v. 24x7, et al.*, No. 18-cv-9043-JSR, Dkt. #59 (S.D.N.Y. Aug. 1, 2019); *William Mark Corporation v. 1104520362, et al.*, No. 18-cv-6715-PAC, Dkt. #64 (S.D.N.Y. Jul. 27, 2019); *WOW Virtual Reality, Inc. v. 740452063 et al.*, Case No. 18-cv-3618-JFK, Dkt. #90 (S.D.N.Y. May 23, 2019); *Off-White LLC v. amazon001, et al.*, No. 19-cv-2067-JMF, Dkt. #34 (S.D.N.Y. May 17, 2019); *Ideavillage Products Corp. v. ABC789456, et al.*, Case No. 18-cv-2962-NRB, Dkt. #53 (S.D.N.Y. May 1, 2019); *Mattel, Inc. v. 276470, et al.*, No. 18-cv-10440-KPF, Dkt. #62 (S.D.N.Y. Mar. 27, 2019); *Mattel, Inc. v. Aaron's Fashion Store, et al.*, No. 18-cv-10437-KPF, Dkt. #62 (S.D.N.Y. Mar. 27, 2019); *Mattel, Inc. v. 1994_honeymoon, et al.*, No. 18-cv-10427-KPF, Dkt. #59(S.D.N.Y. Mar. 27, 2019); *Allstar Marketing Group, LLC v. 158, et al.*, Case No 18-cv-4101-GHW, Dkt. #64 (S.D.N.Y. Mar. 12, 2019); *Tapestry, Inc., et al. v. baoqingtianff, et al.,* No. 18-cv-7650-PAE, Dkt. 34 (S.D.N.Y. Jan. 8, 2019); *Church & Dwight Co.*, 697 F. Supp. 2d at 295; *Rolex Watch U.S.A. Inc. v. Brown*, 2002 U.S. Dist. LEXIS 10054, *54, (S.D.N.Y. June 5, 2002); *see also Tamarin v. Adams Caterers*, 13 F.3d 51, 54 (2d Cir. 1993).

I declare under the penalty of perjury under the laws of the United States of America that to the best of my knowledge the foregoing is true and correct.

Executed on this 24th day of May 2024 in New York, New York.

By: /s/ Gabriela N. Nastasi
Gabriela N. Nastasi